[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11077

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MONTEZ DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:19-cr-00556-LSC-JHE-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Denson appeals his 120-month sentence for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Before the district court, he requested a 78-month sentence, but the district court rejected his request, varied upward, and sentenced him to 120 months' imprisonment, the statutory maximum. On appeal, Denson argues that his sentence is substantively unreasonable because the district court did not meaningfully consider the 18 U.S.C. § 3553(a) factors and failed to justify the upward variance.

We review a sentence's reasonableness for abuse of discretion, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A criminal defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

We will vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020)

(quotation marks omitted). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.* Nonetheless, we "take the degree of variance into account and consider the extent of a deviation from the guidelines." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). "Although there is no proportionality principle in sentencing, a major variance from the advisory guideline range requires a more significant justification than a minor one, and the justification must be sufficiently compelling to support the degree of the variance." *Id.* Finally, the party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the deference afforded the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Section 3553(a) mandates that the district court "shall impose a sentence sufficient, but not greater than necessary," to, *inter alia*, "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense," adequately deter criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a), (2)(A)-(D). In addition, the court must consider, in relevant part: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; and the guideline sentencing range. 18 U.S.C. § 3553(a) (1), (3)-(4). The court can also consider, among

other things, the defendant's lack of remorse.  *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010).

While the district court must consider each § 3553(a) factor, it need not discuss each factor specifically and its statement that it considered the factors is sufficient.  *Goldman*, 953 F.3d at 1222. The failure to discuss mitigating evidence does not indicate that the court "erroneously ignored or failed to consider [the mitigating] evidence."  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks omitted).  The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008); *Rosales-Bruno*, 789 F.3d at 1254 (the district court can place great weight on one factor over others).

Here, the district court did not abuse its discretion when it considered the § 3553(a) factors.  The court put great weight on the nature of Denson's offense conduct and emphasized that he continued to carry drugs and a firearm even after being arrested 8 months before the conduct in this case.  It also considered how his drug dealing endangered other peoples' lives, and that he lacked remorse.  Even if it did not discuss his childhood and drug addiction, it did not need to specifically discuss his mitigating evidence. Also, it acknowledged the death in his family, but it expressed concern that his drug dealing endangered other people's lives.  Although it did not explicitly consider each of the § 3553(a) factors, it did not have to, and it stated that it considered the sentencing factors.  Thus, the nature and dangerousness of Denson's offense

21-11077                Opinion of the Court                    5

conduct, and his lack of remorse supports the upward variance. Accordingly, we affirm.

**AFFIRMED.**